UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

CIVIL ACTION NO. 1:08CV-05-JHM

FAYLENE JONES & THE ESTATE OF
CARLEAN JONES                                                                                         PLAINTIFF

V.

GENERAL ELECTRIC COMPANY                                                                DEFENDANTS

## MEMORANDUM OPINION

This matter is before the court upon a Motion to Dismiss [DN 1] by the Defendant, General Electric Company (GE). The Defendant argues that the Plaintiffs' cause of action is barred by the statute of limitations. Fully briefed this matter is ripe for decision. For the following reasons, the Defendant's Motion to Dismiss is **DENIED**.

## BACKGROUND

In July 1998, Plaintiffs, Faylene and Carlean Jones, purchased a GE dishwasher for their home. On November 27, 2001, a fire in their home resulted in the Carlean Jones' death. After the fire, Donan Engineering Company, Inc. (Donan) was hired by the Plaintiffs' property insurer to conduct a study to determine the origin and cause of the fire. Donan reported, based on the facts known at the time of investigation, that no exact point of origin nor ignition source could be determined. Donan opined that the general area of origin was in the ceiling of the basement under the kitchen floor.

In March of 2007, the Consumer Product Safety Commission and the Defendant recalled some of Defendant's GE dishwashers, including the model the Plaintiffs had purchased in July of 1998. The recall was prompted because the dishwashers were believed to pose a fire hazard due

to defective wiring. The Plaintiffs filed this action on December 26, 2007, alleging that a wiring defect in their dishwasher caused the fire that led to Carlean Jones' death. The Defendant filed this motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted on the grounds that Plaintiff's claims are time barred under the applicable statute of limitations. The Plaintiffs contend that the statute of limitations was tolled by the discovery rule

## LEGAL STANDARD

Kentucky courts have held that under the discovery rule a cause of action will not accrue until the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, both that he has been injured and that his injury may have been caused by the defendant's conduct. Louisville Trust Co. v. Johns-Manville Products Corp., 580 S.W.2d 497, 501 (Ky. 1979). See Hazel v. General Motors, Corp., 863 F. Supp. 435, 438 (W.D. Ky. 1994) (holding that an action may not accrue until a plaintiff has knowledge of sufficient facts to state a cause of action). Only knowledge that a plaintiff has been wronged and by whom can trigger the running of the statute of limitations. Drake v. B.F. Goodrich, Co., 782 F.2d 638, 641 (6th Cir. 1986).

## DISCUSSION

The single issue presented to this Court is whether the Plaintiffs' claims are time barred or if the "discovery rule" tolled the applicable statute of limitations. The Plaintiffs agree with the Defendant's assessment that a simple application of the statute of limitations demonstrates the untimely nature of the Plaintiffs' claims. However, the discovery rule, if applicable, will toll the running of the statute of limitations.

The Plaintiffs argue that they were diligent in trying to determine the cause of the fire but they were unable to discover that their injury was caused by the Defendant's conduct until they

received the recall notice. The Defendants, one the other hand, claim that the Plaintiffs were not diligent in their efforts and that the Donan Engineering report should have placed Plaintiffs on notice that their injuries may have been caused by the Defendant's product.

"It is well-established that the discovery rule ordinarily raises issues of fact as to whether a plaintiff should have known of a claim for relief, and whether a plaintiff exercised 'reasonable diligence,' prohibiting resolution of the issue on either a motion to dismiss or a motion for summary judgment." Gilmore v. Davis, 2006 FED App. 0415N (6th Cir.), 2006 U.S. App. LEXIS 15241, at *19-*20 (quoting Craft v. Vanderbilt Univ., 18 F. Supp. 2d 786,796); (See also Dawson v. Bristol Lab., 658 F. Supp. 1036 (W.D. Ky. 1987) (holding that whether the plaintiffs should have known their harm was the result of someone's negligence is a question for the jury)). The evidence in this case creates an issue of fact as to whether the Plaintiffs exercised reasonable diligence and should have known that the dishwasher may have been the cause of the fire.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss [DN 1] is hereby **DENIED**.